[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action by the plaintiff husband against the defendant wife seeking dissolution of their marriage and other relief. There are two children of the marriage, of whom only Andre Stzremien, born March 11, 1983, is still a minor.
The parties appeared for trial, and each testified. Documentary evidence was admitted, and each party filed written claims for relief. The court observed the demeanor of the parties and evaluated their credibility. The court makes the following findings of fact.
The husband, now sixty, met the wife, now fifty-four, in Paris in the fall of 1968. He was a Polish national temporarily living in France after having completed his undergraduate work in theater and an acting career in Poland. She was a recent graduate of Brandeis University. The parties remained involved although eventually they resided some distance apart. The wife returned to the United States in 1969 to complete her masters degree in social work at Smith College and the husband enrolled at the CT Page 6135 University of California at Berkeley for graduate work the following fall. After her graduation, the wife joined the husband in California during his second year of graduate school, and the parties were married there on May 23, 1973. That fall, the parties relocated to New Haven, where the husband studied at the Yale University School of Drama and the wife began her career in social work and psychotherapy.
The husband's career was mercurial. He worked in the theater for a year after completing Yale, but did not earn much. He then became an assistant professor at the University of Connecticut for seven years before being denied tenure. Thereafter, he again worked itinerantly in the theater for approximately four more years before he returned to academia as a professor at Central Connecticut State University, where he is presently employed. The wife's career was more steady. She worked throughout the marriage in her profession, beginning her own practice in northeastern Connecticut when the husband was employed in Storrs and adding a second office in West Hartford when he began working in New Britain.
Both parties charge the other with being at fault for the dissolution of the marriage. The husband claims that part of the reason for the dissolution was the wife's two affairs with former college mates during the 1980's, of which the second was more hurtful to him. The wife claims that the husband didn't pay sufficient attention to the difficulties of the marriage to permit their repair, and that he was overly aggressive toward her. Both agree that financial difficulties played a role, although the wife blamed the husband for the financial difficulties, asserting that he made no financial contribution to the marriage for one third of its duration. Although the wife is disdainful of the husband's earnings, the earnings she reports from her own profession are not large. The court does not attribute a significantly greater share of fault for the ultimate dissolution of the marriage to either party. Both appear to have been self-absorbed during the marriage; neither was able through earnings to solve their financial difficulties.[1]
The parties have four principal assets. First, the wife owns a house in Bloomfield purchased in around 1985 for $172,000.00 which is now worth $110,000.00 subject to a remaining $85,000.00 mortgage. The house has equity of $25,000.00. Secondly, the wife has an Individualized Retirement Account valued at $87,700.00.[2] Thirdly, the wife is the beneficiary of one half CT Page 6136 of the estate of her mother, who died in December, 1997. The wife's share of the estate is worth $422,000.00, of which she will receive $391,000.00 after taxes. Finally, the husband has a pension from the State of Connecticut with a present value of $260,463.00 which will pay him $1,860.00 per month at age 60 (which he has reached) and approximately $2,000.00 per month at age 66. The amount the husband receives monthly will be reduced by $250.00 if he is ordered to make the wife a contingent beneficiary.
The wife has made substantial expenditures for the private education of the parties' children, although she initially received gifts from her mother for that purpose and consistently received additional gifts from her mother for her own use. In addition, the wife is paying for the daughter's undergraduate education at an expensive Ivy League school, and anticipates paying for the son's college education. Based upon her current expenditures, her future contribution to the children's education will exceed $200,000.00.
The husband earned $75,502.00 in 1998 from his teaching job. His salary for the 1999-2000 academic year will be $69,633.00, but he can earn sums beyond his regular salary if he teaches during the summer. It is not clear that summer work is always available, but it is clearly available in the summer of 1999. He anticipates being on sabbatical leave in the 1999-2000 academic year, and his earnings will be halved. However, the sabbatical is voluntary, not required, and any reduction in income will be based upon his choice alone. He has indicated and the court finds that he has the capacity to work full time at his regular salary during the next academic year. The wife's business income in 1998 was $23,890.00 based upon gross receipts of $51,855.00. However, she deducted from her gross receipts $6,763.00 for automobile expenses and $1,737.00 for depreciation, and the court concludes that the $23,890.00 figure correctly states her taxable earnings for 1998 but understates her actual earnings. The court finds that she has $32,390.00 available to her as income.[3]
The parties have agreed that they should have joint legal custody of the minor child with primary residential custody in the wife and reasonable visitation for the husband.
Based upon the evidence and factual findings of the court and upon the statutory criteria set forth in Sections 46b-62, 46b-81,46b-82, and 46b-84 of the Connecticut General Statutes together CT Page 6137 with applicable case law, the court orders as follows.
1. The marriage of the parties, having broken down irretrievably, is hereby dissolved.
2. The parties are awarded joint legal custody of the minor child, Andre Stzremian, who was born March 11, 1983. He shall live primarily with the wife, and the husband shall have liberal and reasonable visitation with him.
3. The husband shall maintain medical insurance for the benefit of the minor child as is available through his employment whether he is actively working or retired so long as he has an obligation of support. The provisions of Connecticut General Statutes Section 46b-84 (d) shall apply. The parties shall equally pay any unreimbursed medical expenses for the child so long as they have an obligation to support him, including without limitation dental, optical, orthodontic, medical, psychological, and psychiatric expenses.
4. The husband shall pay the wife $194.00 per week as child support for the minor child until the child has reached his eighteenth birthday or graduated from high school, whichever is later, but in no event past the child's nineteenth birthday. This amount is consistent with the child support guidelines. It shall be paid by immediate wage execution through the State Disbursement Unit.
5. The husband shall execute whatever documentation is necessary to name the wife as a Contingent Annuitant to receive 50% of his pension upon his death for her life, including a Qualified Domestic Relations Order. The documentation shall be filed with the personnel office of Central Connecticut State University and the State Employees Retirement Commission, and shall be delivered to the wife. The contingent annuitant designation shall state that the designation is made pursuant to an order of the Connecticut Superior Court and that it is irrevocable. This order is for property division and is not modifiable.
6. The wife shall retain her interest in and to the real property at 14 Woodland Avenue, Bloomfield, Connecticut, and will indemnify the husband and hold him harmless on account of any taxes or mortgages on said property. CT Page 6138
7. The wife shall retain her SEP Individual Retirement Account and the inheritance she has received from her mother's estate.
8. The husband shall maintain his existing life insurance policies and shall name the minor child Andre as the irrevocable beneficiary of the entire amount of said policies during the period he is obligated to pay child support.
9. Except as otherwise set forth herein, the husband shall retain his pension with the State of Connecticut.
10. The husband shall pay his one half of the outstanding orthodontics bill for the minor child incurred in December, 1997 at the rate of $100.00 per month until the amount is paid in full.
11. Neither party shall pay alimony to the other.
Judgment shall enter accordingly.
BY THE COURT,
GRUENDEL, J.